**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **DAVID SANCHEZ, Individually and On Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 7:21-cv-203-DC-RCG** |
| **TNT CRANE & RIGGING, INC.** | § § | |
| **Defendant.** | § | **FLSA Collective & Rule 23 Class Action** |

## JOINT SCHEDULING RECOMMENDATIONS

Plaintiff and Defendant hereby submit the following Scheduling Recommendations pursuant to this Court's June 9, 2022, Order (Dkt. 23). Counsel for Plaintiff and Defendants conferred as required by Federal Rule of Civil Procedure Rule 26(f) by telephone on July 7, 2022.

Plaintiff has pled this case as a collective action under the Fair Labor Standards Act and intends to move for authorization to send a court-approved notice to similarly situated individuals under 29 U.S.C. § 216(b). *See Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021).

If the Court grants Plaintiff's motion for notice, the parties will need time after the Court's ruling on the motion for notice to disseminate notice and allow potential opt-in plaintiffs the opportunity to opt into the lawsuit. The parties cannot predict the date by which the Court will have ruled on Plaintiff's motion for notice or when the notice and opt-in period, if any, will be concluded. Accordingly, the parties believe that the most efficient scheduling sequence is to first resolve the motion for notice and conclude any notice and opt-in period, then to submit additional scheduling recommendations for discovery on the merits and the related deadlines.

The Fifth Circuit in *Swales* instructed district courts to "identify, at the outset of the case,

what facts and legal considerations will be material to determining whether a group of 'employees'

is 'similarly situated' " and to "authorize preliminary discovery accordingly." 985 F.3d at 441. The

facts and legal considerations relevant to the "similarly situated" analysis in the present case

include the same facts and issues on which the parties recently conducted discovery and briefed in

*Repass v. TNT Crane & Rigging, Inc.*, No. 7:18-CV-00107-DC-RCG ("*Repass*"). (*See* Mag.

Judge's Report and Rec. to Deny TNT's Motion to Dismiss (Dkt. 21, 5) (noting that the proposed

collective here differs from the proposed collective in *Repass* mainly in that the present case is

limited to crane operators from TNT's Midland branch and covers a time period that extends later

than the *Repass* case). The relevant facts and legal considerations include:

1. Under what circumstances TNT did or did not pay its Midland crane operators for various preparatory and concluding tasks, including obtaining and loading fuel, diesel exhaust fluid (DEF), lubricants, water, ice, and other items onto their vehicles, and picking up and dropping off riggers at one of Defendant's yards or another designated location before driving to their jobsites or after returning from their jobsites;

2. Similarities and differences in TNT's Midland crane operator's alleged preparatory and concluding tasks;

3. Under what circumstances TNT did or did not pay its Midland crane operators for travel time;

4. Any policies TNT maintained related to payment for the above-referenced preparatory or concluding tasks or travel time;

5. The application of TNT's travel time policies to its individual Midland crane operators;

6. Whether the above-mentioned tasks are compensable as "principal activities" under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA");

7. Whether the Midland crane operators' time spent on the above-mentioned tasks can be disregarded under the *de minimis* doctrine;

8. What portion, if any, of the Midland crane operators' travel time is compensable under the Employee Commuting Flexibility Act ("ECFA"); and

9. Similarities and differences in allegedly unpaid time by TNT's Midland crane

operators.

Therefore, the parties request that the Court authorize preliminary discovery on the above-listed issues.

Additionally, the parties are currently engaged in settlement discussions and prefer to postpone preliminary discovery related to the motion for notice until those discussions are concluded.

Therefore, the parties respectfully request that the Court set a deadline of **December 14, 2022,** for the parties to conduct preliminary discovery related to the motion for notice. The parties request the Court to set a deadline of 30 days after the close of preliminary discovery for Plaintiff to file his motion for notice. The parties request that the Court set a deadline to file joint scheduling recommendations for the remaining deadlines related to discovery on the merits and trial after the Court rules on the motion for notice and after any notice and opt-in period.

Respectfully submitted,

By: /s/ *G. Mark Jodon*        
G. Mark Jodon
Texas State Bar No. 10669400
mjodon@littler.com
Joseph (Jay) R. Buller III
Texas Bar No. 24110784
jbuller@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas  77010
713.951.9400
713.951.9212 (fax)

**ATTORNEYS FOR DEFENDANT**

By:  /s/ *Aaron Johnson*     
Aaron Johnson
State Bar No. 24056961
ajohnson@fairlaborlaw.com
FAIR LABOR LAW
314 E. Highland Mall Blvd, Ste. 401
Austin, Texas 78752
(512) 277-3505
(512) 277-3254 (fax)

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, I electronically submitted the foregoing document for filing using the Court's CM/ECF system, which will serve a true and correct copy of the foregoing document upon all counsel of record.

/s/ *Aaron Johnson*     
Aaron Johnson