# Exhibit B

Page 1

```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF
                    MIDLAND/ODESSA DIVISION

  DAVID SANCHEZ, Individually  )
  and On Behalf of All Others  )
  Similarly Situated,          )
  Plaintiff,                   )    Case No.
                               )  7:21-cv-203-DC-RCG
  vs.                          )
                               )
                               )
  TNT CRANE & RIGGING, INC.    ) FLSA Collective & Rule
  Defendant.                   )     23 Class Action
```

* * * * * * * * * * *

ORAL DEPOSITION OF

TNT CRANE & RIGGING, INC.

BY AND THROUGH ANTOY BELL

SEPTEMBER 14, 2022

* * * * * * * * * * *

ORAL DEPOSITION OF ANTOY BELL, produced as a witness at the instance of the Plaintiff and duly sworn, was taken in the above-styled and numbered cause on September 14, 2022, from 12:02 p.m. to 1:58 p.m., before Christy Fagan, CSR, CRR, RMR, TMR, RPR in and for the State of Texas, considered being taken at the witness's location of Houston, Texas, pursuant to the Federal Rules of Civil Procedure.

Page 5

```
 1      A    Yes.  Correct.
 2      Q    And you also similarly testified about TNT's
 3 policies and practices with regard to when they did or
 4 didn't pay crane operators for various preparatory and
 5 concluding tasks including things like obtaining and
 6 loading fuel, diesel exhaust fluid, lubricants, water,
 7 ice and other items onto their vehicles and picking up
 8 and dropping off riggers, correct?
 9      A    Yes.
10      Q    And was your testimony complete and accurate
11 about what TNT's policies and practices were at the time
12 you testified at that last deposition?
13      A    Yes, my testimony was accurate.
14      Q    Have there been any changes to those policies
15 or practices for TNT's Midland branch since your last
16 deposition?
17      A    No.
18      Q    Well, that makes a lot of this easier.
19      A    I can pack up and go home now, is that what
20 you're saying?
21      Q    I'm still going to have some questions, but we
22 just -- that just made our day -- this deposition
23 shorter, I can tell you that much.
24                Are there any other policies establishing
25 -- that establish under what circumstances TNT does or
```

Page 6

1   does not pay crane operators out of its Midland branch
2   for any preparatory, conclu- -- or concluding tasks that
3   you didn't already testify about in your last
4   deposition?
5        A    No, there are not.
6        Q    And same question with regard to are there any
7   other policies or practices with regard to paying or not
8   paying for travel time for crane operators out of the
9   Midland branch that you didn't already testify about at
10  your last deposition?
11       A    No, there are not.
12       Q    And does TNT make exceptions to those policies
13  for individual employees?
14       A    For a individual employee, will we make
15  exceptions to our travel policy?
16       Q    That's right.  To tho- -- the policies that we
17  just -- that I just asked you about, those policies that
18  dictate under what circumstances TNT does or doesn't pay
19  for travel time or for preparatory and concluding tasks?
20       A    No, it's not typical that we make exceptions
21  to our policies.
22       Q    Can you think of -- when you say not typical,
23  do you think that TNT ever makes exceptions to those
24  policies?
25       A    Not that I am aware of.

Page 7

```
 1      Q    So you -- so TNT applies those same policies
 2   and practices to all employees -- excuse me, to all
 3   crane operators who are employed and paid out through
 4   the Midland branch?
 5      A    Correct.
 6      Q    Mr. Bell, you've never -- have you ever
 7   operated a crane yourself?
 8      A    I have not.
 9      Q    And you don't have the training or credentials
10   to operate a crane, do you?
11      A    No, I do not.
12      Q    You don't know how to operate a crane
13   yourself?
14      A    I don't.
15      Q    The principal activity of crane operators is
16   to operate cranes; would you agree?
17      A    Yes.
18      Q    Is fueling a drag tank an integral or
19   indispensable task to the activity of operating cranes?
20           MR. BULLER:  Object to form.
21      A    No, it's not.
22      Q    And why not?
23           MR. BULLER:  Same objection.
24      A    You don't need a drag tank to operate a crane.
25      Q    But you do need fuel to operate a crane,
```

Page 53

1    Q    Have you reviewed this answer that TNT filed?
2    A    Yes, I did take a look at it.
3    Q    I'm going to scroll down here.
4         MR. JOHNSON:  Oh.  And this is -- for the
5    record, this is what we'll mark as Exhibit 1.
6    Q    I'm going to scroll down to page 6 of the
7    Answer, and you can see there toward the middle of the
8    page there's the heading "AFFIRMATIVE AND OTHER
9    DEFENSES."  So I want to take a look at a few of these
10   defenses and just understand a few things about them.
11   Give me just a second.
12        MR. BULLER:  Aaron, my comment applies
13   from earlier that, obviously, you can certainly
14   investigate the -- investigate the defenses for the
15   purpose of collecting discovery.  At some point it
16   becomes a merits discovery, but, I mean, obviously you
17   have --
18        MR. JOHNSON:  Understood.
19        MR. BULLER:  We'll try to stay tailored
20   to Plaintiff's discovery.
21        MR. JOHNSON:  Understood.
22   Q    All right.  Let's look here at affirmative
23   defense number 1, Mr. Bell.  It says "Plaintiff's
24   Complaint fails to state a claim upon which relief can
25   be granted."  Can you just explain in short what y'all

Page 54

1  mean by that?  What's that defense based on?
2              MR. BULLER:  Objection to form.  This one
3  calls for a legal conclusion and it's a purely legal
4  defense based on the pleadings.
5      A    Yeah, that we're saying there was nothing that
6  was -- that was done that the Plaintiff's complained
7  about that the Courts could hold us liable for.
8      Q    So that defense does not depend on facts
9  specific to each Plaintiff?  That applies to all of the
10 potential Plaintiffs in this case, correct?
11             MR. BULLER:  Objection, form.
12             Go ahead.
13     A    It applies to -- there's only one Plaintiff in
14 this case that this was about as what this applies to.
15     Q    You understand this complaint was pled as a
16 collective action, right?
17     A    Yes.
18     Q    And so am I correct to understand that this
19 particular defense under number 1 here, this defense --
20 your -- TNT's argument applies to all of the potential
21 opt-in Plaintiffs in this case?
22             MR. BULLER:  Objection to form.
23     A    Yeah, it applies to the claims -- all the
24 claims that are made in this case, yes.
25     Q    Let's look -- scroll down to number 4.  By the

Antoy Bell
9/14/2022

Page 55

```
 1   way, are you still seeing -- am I still sharing the same
 2   document here?
 3        A    You are.
 4        Q    Okay.  You can see we've scrolled down to
 5   paragraph 4 under Affirmative Defenses?
 6        A    Yes.
 7        Q    It says "The FLSA claims of Plaintiff and the
 8   individual Plaintiff seeks to request are barred, in
 9   whole or in part, by the provisions of Section 10."  I'm
10   not going to read the entire paragraph there.  Skipping
11   forward, it says "because actions taken were done in
12   good faith in conformity with and reliance upon written
13   administrative regulations, orders, rulings, approvals,
14   interpretations, and written and unwritten
15   administrative practices or enforcement policies of the
16   Department of Labor."
17             Do you know what particular regulations,
18   orders, rulings, approvals, interpretations, practices,
19   or policies this refers to?
20             MR. BULLER:  Object to the extent it
21   calls for a legal conclusion.
22        A    No, I don't know all the detail orders.
23        Q    You don't know what TNT is claiming to have
24   relied on here?
25             MR. BULLER:  Same objection.
```

Page 56

1    A   I mean, some of the orders -- rulings
2  associated -- interpretations associated with the
3  Portal-to-Portal Act, but I couldn't sit here and tell
4  you every single one of those orders and rulings and
5  interpretations.
6    Q   And, again, this defense applies to all of the
7  potential opt-in Plaintiffs in this case, correct?
8          MR. BULLER:  Objection, form.
9    A   Correct.
10   Q   The next section is -- or the next paragraph,
11  number 5, is similar.  This is your affirmative defense
12  that "any acts or omissions giving rise to this action
13  were done in good faith and with reasonable grounds for
14  believing that the actions or omissions were not a
15  violation of the FLSA."
16         Again, this applies to all of the
17  potential opt-in Plaintiffs in this case, correct?
18          MR. BULLER:  Objection to form.
19    A   Correct.
20   Q   Number 6 says "The alleged injuries of
21  Plaintiff, any opt-in plaintiffs, or any punitive
22  plaintiffs were not proximately caused by any unlawful
23  policy, custom, practice or procedure promulgated or
24  tolerated by Defendant."  What do you -- what does TNT
25  mean by that?

Page 57

```
 1                MR. BULLER:  Objection to form.
 2       A     Means that we didn't have a policy or practice
 3   in place that caused harm to the Plaintiffs.
 4       Q     And, again, that defense applies to all of the
 5   potential opt-in Plaintiffs in this case, correct?
 6                MR. BULLER:  Objection to form.
 7       A     Correct.
 8       Q     Skipping down to number 10, "The claims of
 9   Plaintiff, any opt-in plaintiffs, any punitive
10   plaintiffs are barred because the work performed falls
11   within exception -- exemptions, exclusions, exceptions,
12   or credits provided for in the FLSA or the New Mexico
13   Wage Act."
14                What exemptions, exclusions, exceptions,
15   or credits is this referring to?
16                MR. BULLER:  Same objection to form.
17       A     I couldn't tell you every detailed exemption,
18   exclusion, or exception sitting here.
19       Q     Can you tell me any at all or can you describe
20   any of them generally?
21                MR. BULLER:  Same objection.
22       A     Generally, the commute to work, it's a
23   exception in FLSA.
24       Q     Are there any other exemptions, exclusions,
25   exceptions, or credits that this defense is referring
```

Antoy Bell
9/14/2022

Page 58

 1  to?
 2              MR. BULLER:  Same objection.
 3       A   Sitting here right now, I couldn't tell you
 4  all of them.
 5       Q   You can't tell me any others at all?
 6              MR. BULLER:  Same objection.
 7       A   Not at the moment, no.
 8       Q   And, again, this defense applies to all of the
 9  potential Plaintiffs in this case, correct?
10              MR. BULLER:  Objection, form.
11       A   Correct.
12              MR. JOHNSON:  Okay.  I'll pass the
13  witness.
14       A   I wanted to clear up something I thought about
15  on the break.
16       Q   Sure.  Go ahead.
17       A   You asked me about anything in our records
18  that could provide where someone worked, whether it was
19  in New Mexico or Texas.  We would have potentially for
20  the more recent credit card transactions from about '20
21  on, we may have some receipts that would tell me if that
22  person was in New Mexico or in Texas or somewhere else.
23              And the time sheets should tell us that
24  alone.  Everyone's required to put the customer, the job
25  number, and the state of -- that they worked in that

```
 1           IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF
 2                 MIDLAND/ODESSA DIVISION

 3   DAVID SANCHEZ, Individually    )
     and On Behalf of All Others    )
 4   Similarly Situated,            )
     Plaintiff,                     )      Case No.
 5                                  )   7:21-cv-203-DC-RCG
     vs.                            )
 6                                  )
                                    )
 7   TNT CRANE & RIGGING, INC.      ) FLSA Collective & Rule
     Defendant.                     )     23 Class Action
 8

 9                    REPORTER'S CERTIFICATE
         ORAL DEPOSITION OF TNT CRANE & RIGGING, INC.
10                 BY AND THROUGH ANTOY BELL
                     SEPTEMBER 14, 2022
11

12        I, Christy Fagan, CSR, CRR, RMR, TMR, RPR,

13   Certified Shorthand Reporter in and for the State of

14   Texas, hereby certify to the following:

15        That the witness, ANTOY BELL, was duly sworn and

16   that the transcript of the deposition is a true record

17   of the testimony given by the witness;

18        I further certify that pursuant to FRCP Rule

19   30(f)(1) that the signature of the deponent:

20        _____ was requested by the deponent or a party

21   before the completion of the deposition and is to be

22   returned within 30 days from date of receipt of the

23   transcript.  If returned, the attached Changes and

24   Signature Pages contain any changes and the reasons

25   therefor;
```

Page 63

1     _____ was not requested by the deponent or a party
2   before the completion of the deposition.
3        That pursuant to information given to the
4   deposition officer at the time said testimony was taken,
5   the following includes all parties of record and the
6   amount of time used by each party at the time of the
7   deposition:
8   FOR THE PLAINTIFF:
9            Mr. Aaron Johnson (1 hour 43 minutes)
             Fair Labor Law
10           314 E. Highland Mall Blvd.
             Suite 401
11           Austin, Texas 78752
             (512) 277-3505
12           (512) 277-3254 Fax
             ajohnson@fairlaborlaw.com
13
    FOR THE DEFENDANT:
14
             Mr. Jay Buller (0 hours 1 minute)
15           Littler Mendelson, P.C.
             1301 McKinney
16           Suite 1900
             Houston, Texas 77010
17           (713) 652-4721
             (713) 951-9212 Fax
18           jbuller@littler.com

19

20       That $_____ is the deposition officer's charges
21   to the Plaintiff for preparing the original deposition
22   and any copies of exhibits.
23       I further certify that I am neither counsel for,
24   related to, nor employed by any of the parties in the
25   action in which this proceeding was taken, and further

Antoy Bell
9/14/2022

Page 64

1  that I am not financially or otherwise interested in the
2  outcome of this action.
3       Certified to by me on this 27th day of September,
4  2022.
5
6
7
8
9  _____
   Christy Fagan, CSR, CRR, RMR, TMR, RPR
10 Texas CSR 5459
   Expiration: 10/31/23
11 LEGAL SOLUTIONS COURT REPORTING
   Firm Registration No. 424
12 2626 Cole Avenue
   Suite 300
13 Dallas, Texas 75204
   (866) 830-1717
14 (866) 651-4292 Fax
   www.LegalSolutionsCourtReporting.com
15
16
17
18
19
20
21
22
23
24
25