# Exhibit E

**LEVI HASTEY - August 18, 2020**

```
 1            IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TEXAS
 2                  MIDLAND/ODESSA DIVISION

 3   TIMOTHY W. REPASS AND        )
     WILLIAM SCOTT MCCANDLESS,    )
 4   INDIVIDUALLY AND ON          )
     BEHALF OF ALL OTHERS         )
 5   SIMILARLY SITUATED,          ) CIVIL ACTION
                                  )
 6          Plaintiffs,           ) NO. 7:18-CV-107-DC-RCG
                                  )
 7   VS.                          )
                                  )
 8   TNT CRANE AND RIGGING,       )
     INC.,                        )
 9                                )
            Defendant.            )

10

11

12      ------------------------------------

13             ORAL DEPOSITION OF

14               LEVI HASTEY

15            August 18, 2020

16               Volume 1

17      ------------------------------------

18

19

20      ORAL DEPOSITION OF LEVI HASTEY, Volume 1, produced

21   as a witness at the instance of the Plaintiffs, and

22   duly sworn, was taken in the above-styled and numbered

23   cause on the 18th of August, 2020, from 1:43 p.m. to

24   3:22 p.m., before Julie A. Jordan, CSR, RPR, in and for

25   the State of Texas, reported by machine shorthand via
```

2

**LEVI HASTEY - August 18, 2020**

1  Zoom, at the offices of TNT Crane & Rigging,

2  9112 West County Road 127, Midland, Texas 79706,

3  pursuant to the Federal Rules of Civil Procedure and any

4  provisions stated on the record or attached hereto.

5                           *-*-*-*-*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LEVI HASTEY - August 18, 2020

1   we're -- if they're at a lodging that we provide,

2   they're getting paid there and back.  But if they stay

3   in their own lodging, you know, the whole -- the whole

4   idea was to get them guys closer to the job.  So if

5   they're staying in Midland and driving from their own

6   lodging, we're not going to pay travel unless the

7   customer pays -- you know, pays for it.

8        Q.   So if the customer pays for it, you paid for

9   travel time regardless, is that true?

10       A.   Yes, sir.

11       Q.   And I don't mean you, Mr. Hastey.  I mean TNT,

12  you understand?

13       A.   Yes, sir.

14       Q.   And you said just a moment ago that the whole

15  idea behind the policy was getting these guys closer to

16  the job site.

17            It was a safety concern, correct?

18       A.   Yes, sir.

19       Q.   To your understanding, it had nothing to do

20  with whether or not the policy complied with TNT's

21  obligations under federal law to pay these guys for all

22  time worked, correct?

23       A.   Say that again.  Sorry.

24       Q.   Yeah.  To your understanding, this was a

25  safety policy.  It didn't have anything to do with

**LEVI HASTEY - August 18, 2020**

1  weren't set up to have that, you know, ability for them

2  to stay out there at that time.  But we -- we gave the

3  ability to get hotels and stuff.

4      Q.    So has the policy, in your mind, been about

5  the same since at least March of 2015 until today?

6      A.    About the same, yes.  The -- the only

7  difference is we -- we changed to man camps to where we

8  mandated that they stay out there within a 50-mile

9  radius.

10     Q.    Are there any other changes between those two

11 policies, as far as you know?

12     A.    I think the only other one was the 40-hour

13 guarantee, which didn't apply to our yard anyway, so...

14     Q.    Can you tell me about that 40-hour guarantee?

15     A.    We -- so to my knowledge, our yard has never

16 had a 40-hour guarantee.  Like I said, I used to operate

17 cranes and came up through that cycle.  None of our guys

18 ever worked 40 hours a week, so there was never a need

19 for it.  So we just -- I think they just pulled it out

20 when they updated it.

21     Q.    When you say none of your guys ever worked

22 40 hours a week, you say that because they work more

23 than 40 hours a week.  Is that true?

24     A.    Yes, sir.

25     Q.    Now, getting back to this -- the travel time

LEVI HASTEY - August 18, 2020

1 three hours back home and get up and drive three hours

2 back. So it was stay out there, get your rest, and go

3 to the job.

4 Q. So before y'all changed that policy, you knew

5 these guys were making these long trips out to Orla and

6 Pecos and those -- those towns out that direction,

7 right?

8 A. A few, yes. You know, that's why we had the

9 policy where you could -- we'd put them up in hotels out

10 there and, you know, we'd still pay you 35 and travel

11 time and all of that. But, yeah, some guys were just --

12 they didn't want to do it. So that's when we mandated

13 it.

14 Q. Did y'all undertake any kind of systematic

15 review before y'all decided to change this policy?

16 A. I -- I wasn't in -- in the -- in the process

17 of writing that policy, so I couldn't -- couldn't answer

18 that. I'm sure if we --

19 Q. And I think -- I violated our agreement. I'm

20 sorry.

21 A. No worries. I -- I know it -- from John's

22 desk it went to Antoy, HR, and then on up through that

23 way, that policy. That's -- that's the extent of

24 writing it I know.

25 Q. So you've anticipated my next question, which

LEVI HASTEY - August 18, 2020

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TEXAS
 2                 MIDLAND/ODESSA DIVISION

 3    TIMOTHY W. REPASS AND      )
      WILLIAM SCOTT MCCANDLESS,   )
 4    INDIVIDUALLY AND ON        )
      BEHALF OF ALL OTHERS        )
 5    SIMILARLY SITUATED,         ) CIVIL ACTION
                                   )
 6           Plaintiffs,          ) NO. 7:18-CV-107-DC-RCG
                                   )
 7    VS.                         )
                                   )
 8    TNT CRANE AND RIGGING,      )
      INC.,                       )
 9                                 )
             Defendant.           )
10

11                 REPORTER'S CERTIFICATION
                   ORAL DEPOSITION OF
12                     LEVI HASTEY
                   August 18, 2020
13                      Volume 1
                   (REPORTED REMOTELY)
14

15       I, Julie A. Jordan, Certified Shorthand Reporter in

16   and for the State of Texas, hereby certify to the

17   following:

18       That the witness, LEVI HASTEY, was duly sworn by

19   the officer and that the transcript of the oral

20   deposition is a true record of the testimony given by

21   the witness;

22       That the original deposition was delivered to

23   Mr. Edmond S. Moreland, Jr.;

24       That a copy of this certificate was served on all

25   parties and/or the witness shown herein on  8/25/2020  .
```

JULIE A. JORDAN & COMPANY
PHONE (512) 451-8243     FAX (512) 451-7583

**LEVI HASTEY - August 18, 2020**

1   That the amount of time used by each party at the

2   deposition is as follows:

3        EDMOND S. MORELAND, JR. - 01 HOUR(S):32 MINUTE(S)
         G. MARK JODON - NONE

4

5   I further certify that pursuant to FRCP Rule 30 (f)

6   (1) that the signature of the deponent:

7   XXXXX was requested by the deponent or a party

8   before the completion of the deposition and that the

9   signature is to be before any notary public and returned

10  within 30 days from date of receipt of the transcript.

11  If returned, the attached Changes and Signature Pages

12  contain any changes and reasons therefore:

13  _____ was not requested by the deponent or a party

14  before the completion of the deposition.

15  I further certify that I am neither counsel for,

16  related to, nor employed by any of the parties or

17  attorneys in the action in which this proceeding was

18  taken, and further that I am not financially or

19  otherwise interested in the outcome of the action.

20  Certified to by me this 25th of August, 2020.

21  Julie A. Jordan, Texas CSR 3203
    Expiration Date:  1/31/22

22  Firm Registration No. 280
    JULIE A. JORDAN & COMPANY

23  7800 North MoPac Expy, Suite 120
    Austin, Texas 78759

24  (512) 451-8243
    (512) 451-7583 (Fax)

25  E-MAIL:  info@jordanreporting.com

**LEVI HASTEY - August 18, 2020**

```
1  COUNTY OF TRAVIS )

2  STATE OF TEXAS    )

3

4       I hereby certify that the witness was notified on

5  _____8/25/2020_____ that the witness has 30 days

6  (or _____ days per agreement of counsel) after being

7  notified by the officer that the transcript is available

8  for review by the witness and if there are changes in

9  the form or substance to be made, then the witness shall

10 sign a statement reciting such changes and the reasons

11 given by the witness for making them;

12      That the witness' signature w̶a̶s̶/was not returned as

13 of _____10/02/2020_____.

14      Subscribed and sworn to on this _2nd_ day of

15 _October___, 2020.

16

17

18 _____
   Julie A. Jordan, Texas CSR 3203
19 Expiration Date:  1/31/22
   Firm Registration No. 280
20 JULIE A. JORDAN & COMPANY
   7800 North MoPac Expressway
21 Suite 120
   Austin, Texas 78759
22 (512) 451-8243
   (512) 451-7583 (Fax)
23 E-MAIL:  info@jordanreporting.com

24

25
```